**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ZACHARY WALLER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OKLAHOMA CITY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-988-SLP |

# O R D E R

Before the Court is Plaintiff's Motion for Leave to Take Expedited Discovery and to Authorize the Preservation and Inspection of Evidence [Doc. No. 31]. Plaintiff requests leave to conduct discovery against certain Defendants in the matter prior to a Fed. R. Civ. P. 26(f) conference being conducted. Defendants Brandon Cobb, Alexa Acord, Miranda Long, City of Oklahoma City, and Darryl English responded, *see* [Doc Nos. 36, 37, 38, 39, 40], and Plaintiff replied [Doc. No. 41].

Plaintiff requests that he be permitted to conduct discovery regarding "(a) the electronic devices of Miranda Long and Alexa Acord; (b) telephone, message, and electronic-communication records of Defendants Cobb, Long, and Acord relating to the events of March 13, 2026 and the period leading up to and following those events; and (c) the body-worn camera, dash-camera, in-car audio, computer aided dispatch (CAD),

automatic-vehicle location (AVL/GPS), radio, and call records held by Defendant City of Oklahoma City." *See* Mot. [Doc. No. 31] at 1.[1]

In this action, multiple Defendants have moved to dismiss Plaintiff's First Amended Complaint [Doc. No. 3] pursuant to Fed. R. Civ. P. 12(b)(6). *See* [Doc. Nos. 10, 12, 16, 19, 21]. The Court has not yet ruled on any of those motions. Under the Court's local rules, these motions prohibit any party from proceeding with discovery in this action. *See* LCvR 26.3(a). A party, however, may seek relief from this rule. *See* LCvR 26.3(c). Furthermore, as a general rule, discovery may not commence until after the parties have conferred, as required by Rule 26(f) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(d)(1). Rule 26(d)(1) recognizes that this limitation may be overridden by court order. Fed. R. Civ. P. 26(d)(1) (allowing earlier discovery "when authorized . . . by court order"); *see also Farhat v. Bd. of Cnty. Comm'rs of Stephens Cnty.*, No. CIV-06-468-R, 2008 WL 441684 at *4 (W.D. Okla. Feb. 14, 2008). However, "a party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for

---

[1] Plaintiff has filed two subsequent motions relating to the production of the same documents he seeks in the Motion for Leave to Take Expedited Discovery and to Authorize the Preservation and Inspection of Evidence [Doc. No. 31]. On October 20, 2026, Plaintiff filed a Motion for Order Directing Defendant City of Oklahoma City to Preserve and Lodge Under Seal its March 13, 2026 Recordings and Dispatch Records and to File a Custodian Declaration, and Request for Ruling on Doc. No. 31 [Doc. No. 57]. On October 27, 2026, Plaintiff filed a Motion for Expedited Ruling on Doc. Nos. 31 and 57 and for an Order Directing the City and Defendant Acord to Produce Their March 13, 2026 Recordings Before December 4, 2026, with Brief in Support [Doc. No. 59]. Both of the motions address factual developments that have occurred since the filing of the Motion for Leave to Take Expedited Discovery and to Authorize the Preservation and Inspection of Evidence [Doc. No. 31] on June 22, 2026 and recites similar legal authority to the original motion [Doc. No. 31]. As discussed below, the Court finds that both motions lack merit for the same reasons as Plaintiff's Motion for Leave to Take Expedited Discovery and to Authorize the Preservation and Inspection of Evidence [Doc. No. 31].

the requested departure from the usual discovery process." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Good cause is determined by evaluating the "reasonableness of the request in light of all the surrounding circumstances." *See Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (citation omitted).

The Court does not find that Plaintiff has established good cause to proceed with early discovery in the action. First, Plaintiff asserts that the discovery he seeks could be subject to alteration or destruction. Plaintiff has represented on multiple occasions that he has distributed a litigation hold notice to the Defendants. *See* Mot. [Doc. No. 31] at 5; [Doc. No. 3-2]. "Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a "litigation hold" to ensure the preservation of relevant documents." *Browder v. City of Albuquerque*, 209 F. Supp. 3d. 1236, 1243 (D.N.M. 2016) (cleaned up and citations omitted). Litigation holds apply to electronic data. *Id.* The Court finds that Plaintiff's litigation hold notice alleviates Plaintiff's concerns regarding the potential destruction or spoliation of evidence in Defendants' possession prior to the disposition of the pending Motions to Dismiss.[2]

Plaintiff next references the need for the requested materials for use in an Oklahoma state court proceeding. *See* Mot. [Doc. No. 31] at 4-5; [Doc. No. 57] at 4-6; [Doc. No. 59] at 2-3. It is improper to permit discovery "when the purpose of a discovery request is to

[2] Plaintiff has also referenced seeking materials from the cellular carriers of the Defendants. While Plaintiff makes general references to the retention cycles of cellular carriers, Plaintiff has not articulated how such materials would be subject to spoliation while Defendants' Motions to Dismiss remain pending before the Court.

gather information for use in proceedings other than the pending suit[.]" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n. 17 (1978). The Court will not permit early discovery for the benefit of Plaintiff's use in an Oklahoma state court proceeding.

Lastly, Plaintiff also asserts that discovery may help determine additional claims to bring against the Defendants. *See* Mot. [Doc. No. 31] at 5. However, discovery is not a mechanism for Plaintiff to determine additional claims which may be raised. *See West v. Rogers*, No. CIV-25-366-SLP, 2026 WL 788949 at *4 (Mar. 20, 2026) ("Discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim.") (cleaned up and citations omitted). Accordingly, the Court finds that Plaintiff has not demonstrated good cause to conduct discovery prior to the disposition of the pending Motions to Dismiss.[3]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Take Expedited Discovery and to Authorize the Preservation and Inspection of Evidence [Doc. No. 31] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order Directing Defendant City of Oklahoma City to Preserve and Lodge Under Seal its March 13, 2026 Recordings and Dispatch Records and to File a Custodian Declaration, and Request for Ruling on Doc. No. 31 [Doc. No. 57] and Motion for Expedited Ruling on Doc. Nos. 31 and 57 and for an

---

[3] Because the Court finds that early discovery is not warranted, Plaintiff's remaining requests in the Motion are DENIED.

Order Directing the City and Defendant Acord to Produce Their March 13, 2026 Recordings Before December 4, 2026, with Brief in Support [Doc. No. 59] are DENIED.

IT IS SO ORDERED this 9th day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**